[Nos. 11926-2-III; 11927-1-III;   Division Three.  November 23, 1993.]
   11928-9-III.

THE STATE OF WASHINGTON, *Appellant,* v. MARTIN MENDOZA
GONZALEZ, ET AL, *Respondents.*

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Steven R. Keller, Deputy,* for appellant.

*George P. Trejo* and *Contreras-Trejo & Trejo, Inc. P.S.; Richard A. Smith* and *Smith Law Offices,* for respondents.

SWEENEY, J. — As part of an investigation of cocaine trafficking, an undercover narcotics agent obtained authorization for a 1-party-consent interception and recording of conversations pursuant to RCW 9.73.230. The court suppressed both recorded and eyewitness evidence obtained after the statutorily mandated 24-hour period of the authorization had expired. The case against Martin Gonzalez, Espiridion Villegas and Avelino Villegas was dismissed. The State appeals, contending the narcotics agent substantially complied with the statute's requirements for extending the authorization and that, in any event, eyewitness testimony during the intercept should have been admitted at trial. We disagree and affirm.

## FACTS

On January 30, 1991, Detective Thomas Padukiewicz of the Tahoma Narcotics Enforcement Team applied for and obtained an authorization for an evidence intercept pur-

suant to RCW 9.73.230, which permits a 24-hour intercept provided certain specified conditions are met. The authorization was signed by the chief of police at 1:20 p.m. on January 30. It authorized an evidence intercept from 1 p.m. on January 30 until 11:55 p.m. on January 31 (24 hours would have ended at 1:20 p.m. on January 31).

Armed with the authorization, law enforcement officers recorded conversations between Detective Padukiewicz and drug contacts. Detective Padukiewicz began his intercept with a "body mike" at 12:20 p.m. on January 31. There was no request for an extension of the authorization and the incriminating evidence against Avelino Villegas, Martin Gonzalez and Espiridion Villegas was recorded after 1:20 p.m. on the 31st.

Mr. Gonzalez, Mr. A. Villegas and Mr. E. Villegas were charged by information with conspiracy to deliver a controlled substance (cocaine). Prior to trial, the defendants moved to suppress the statements of the participants to the recorded conversations, all of which followed the 24-hour authorized period. This motion was granted by the trial court and resulted in dismissal of the State's case sua sponte.

The State appeals (1) the dismissal of all counts of conspiracy to deliver cocaine, (2) the suppression of recorded conversations, and (3) the suppression of all witness testimony regarding information obtained during the use of the body wire.

COMPLIANCE WITH RCW 9.73.230 AUTHORIZATION

Washington generally prohibits the interception, recording, or divulging of private communications without first obtaining the consent of the parties to that conversation. RCW 9.73.030. Limited exceptions to this general prohibition, however, are authorized. *See generally* RCW 9.73.090, .095, .210, .230.

At issue here is the application of RCW 9.73.230, which both sanctions police authorization of 1-party intercepts and permits the admission of the results thereof in subsequent judicial proceedings. Statutory requirements for the intercept

are extensive and specific: (1) at least one party must consent; (2) the officer seeking authorization must show probable cause the intercepted conversations will involve illegal drug activity; (3) written reports must be prepared indicating all requirements for authorization have been met, and must include: the names of all parties who are expected to be involved (if not confidential informants); details of the expected time, place and subject matter of the intercept; and whether the officer attempted to get judicial authorization for the intercept; and (4) the authorization is valid for only 24 hours after it is signed by the chief officer, although authorization may be extended no more than twice for additional consecutive 24-hour periods. These extensions of authorization may be based upon the same probable cause as the first authorization, but each must be separately signed by the authorizing officer. RCW 9.73.230.

Information obtained in violation of RCW 9.73.030 is generally inadmissible. RCW 9.73.050; *State v. Salinas*, 121 Wn.2d 689, 692, 853 P.2d 439 (1993).

The State advances an imaginative theory that the chief's authorization, for what amounted to a 34-hour window of authority, was in effect a "preapproved" extension which substantially complied with the requirements of RCW 9.73-.230(5).[1] It relies on *State v. Rupe*, 101 Wn.2d 664, 685-86, 683 P.2d 571 (1984) and *State v. Gelvin*, 43 Wn. App. 691, 695-96, 719 P.2d 580, *review denied*, 106 Wn.2d 1008 (1986) for the proposition that substantial compliance is sufficient to permit admission of the recorded evidence. We disagree.

---

[1] RCW 9.73.230(5) provides:

"An authorization made under this section is valid for no more than twenty-four hours from the time it is signed by the authorizing officer, and each authorization shall independently meet all of the requirements of this section. The authorizing officer shall sign the written report required under subsection (2) of this section, certifying the exact date and time of his or her signature. An authorization under this section may be extended not more than twice for an additional consecutive twenty-four hour period based upon the same probable cause regarding the same suspected transaction. Each such extension shall be signed by the authorizing officer."

■ Both *Rupe* and *Gelvin* are cases of consensual recordings obtained pursuant to RCW 9.73.090(1)(b). That statute permits officers to use recorded audio or video statements of arrestees at their subsequent trials if: (1) the arrestee is informed the conversation is being taped, and this information is recorded on the tape; (2) the tape contains the starting and ending times; and (3) the arrestee is informed on the tape of his/her constitutional rights. In *Rupe*, the only defect claimed in the audiotaping process was the failure to state the starting time on the tape, whereas in the *Gelvin* videotaping, the only defect was the failure to state the ending time on the tape. Both courts noted that these defects, absent allegations of police misconduct or unauthorized editing, had no effect on the statutory safeguards which insured reliability of the recorded statements and the constitutional rights of the *consenting* arrestees. *Rupe*, at 685 n.6; *Gelvin*, at 695-96. Holding that these errors were merely technical, both courts found that the officers substantially complied with the RCW 9.73.090(1)(b) requirements. *Rupe*, at 685; *Gelvin*, at 696. The violation here is neither technical nor insubstantial.

"Preapproval" of an extension of the authorization is not authorized by the statute and we decline the invitation to add such a procedure judicially. By including specific procedural instructions, the Legislature sought to limit abuse of what amounts to self-authorized electronic surveillance. "Where the meaning of the statute is clear from the language of the statute alone, there is no room for judicial interpretation." *Kadoranian v. Bellingham Police Dep't*, 119 Wn.2d 178, 185, 829 P.2d 1061 (1992). The trial court properly held that all information obtained after the 24-hour period of authorization was inadmissible at trial.

EYEWITNESS TESTIMONY OBTAINED DURING
UNAUTHORIZED INTERCEPT

The State next argues that eyewitness testimony "unaided by information obtained solely by violation of RCW 9.73.030"

should have been admitted. RCW 9.73.230(8). A similar argument was considered and rejected by our Supreme Court in *State v. Salinas, supra.*

■ There, the court held that the inadmissibility of evidence obtained in violation of RCW 9.73.230 includes *all* evidence aided by the illegal interception or recording:

> Subsection (8) of RCW 9.73.230 performs a function like that of both subsections (4) and (5) of RCW 9.73.210. Just as subsection (4) of RCW 9.73.210 provides that evidence obtained pursuant to that section is generally inadmissible, so subsection (8) provides that evidence obtained pursuant to RCW 9.73.230 is inadmissible unless certain conditions are met. Similarly, subsection (5) of RCW 9.73.210 serves to ensure the admissibility of testimony unaided by intercepted or recorded information obtained by the procedures defined in that section. Just so, the unaided testimony provision of RCW 9.73.230(8) serves to ensure the admissibility of testimony unaided by information obtained by electronic eavesdropping conducted in accordance with RCW 9.73.230. Thus an officer may testify regarding what he or she heard or saw while wearing a body wire authorized under RCW 9.73.230, regardless of whether the information obtained over the wire is itself admissible. However, if the authorization required under RCW 9.73.230 is not obtained, then the unaided testimony language of subsection (8) is not applicable. That language does not serve as a general license to ignore the exclusionary rule of RCW 9.73.050. It functions only within the context of subsection (8).

*Salinas,* at 696-97.

The State attempts to distinguish *Salinas* on its facts, noting that in *Salinas* "[n]o authorization was obtained prior to the use of this body wire", *Salinas,* at 691, whereas here the officers simply exceeded the statutory time limitations. The distinction raised is not material. In both instances, the officers were acting without the authority required by the statute. In the first instance, the authority was never granted; in the second, the authority had expired.

Having concluded that the intercept authorization had expired without a request for extension, it necessarily follows that all testimony concerning information, including visual observation, obtained during the unauthorized intercept is inadmissible. The trial court properly dismissed the charges.

Affirmed.

THOMPSON, C.J., and COOPER, J. Pro Tem., concur.

Review denied at 123 Wn.2d 1022 (1994).