[Nos. 33385-2-I; 33427-1-I.   Division One.   January 17, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. JESUS SERJIO JIMENEZ, *Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. MARIA SANCHEZ JIMENEZ, *Appellant*.

*Antonio Salazar* and *Salazar Law Offices*, for appellant.

*David R. Needy, Prosecuting Attorney*, and *Thomas Edward Seguine, Deputy*, for respondent.

BAKER, J. — Jesus and Maria Jimenez appeal their convictions for three counts each of delivering cocaine and pos-

sessing cocaine with intent to deliver. We conclude that two of the authorizations used to record the drug transactions were invalid, and reverse the convictions based thereon. We affirm the convictions which were independent of the invalid recordations, and remand for a clarification of one count against Jesus, and resentencing.

## FACTS

An undercover law enforcement officer, part of the Skagit County Interlocal Drug Enforcement Unit, purchased cocaine from Maria Jimenez on May 12, 1993. After that purchase, officers obtained a series of five authorizations to record conversations they had with Maria Jimenez, Jesus Jimenez, and another on May 19, May 27, June 4, June 7, and June 9, 1993. During these conversations, cocaine transactions were discussed and took place. Search warrants were subsequently obtained and two residences were searched, one where Maria was located and one where Jesus was located. Cocaine was seized at both residences, and the two were arrested.

Prior to trial Defendants moved to suppress all evidence seized pursuant to the search warrants on the ground that the warrants were obtained based on unlawfully recorded transactions. The trial court allowed the evidence, finding that the authorizations were in technical compliance with the privacy act, RCW 9.73.030, and the search warrant affidavits established probable cause. Defendants proceeded to trial on stipulated facts, and were found guilty on multiple counts and sentenced within the standard range.

Maria Jimenez was found guilty of counts 1, 2, and 4 of the amended information against her. Count 1 was for delivery of a controlled substance on May 12, 1993. Count 2 was for delivery of a controlled substance on May 19, 1993. Count 4 was for possession with intent to deliver on June 9, 1993. Maria was arrested at the Cascade Street address on June 9, 1993.

Jesus Jimenez was found guilty of counts 2, 3, and 4 of the amended information in his case. Count 2 was for deliv-

ery of a controlled substance on May 19, 1993. Count 4 was for possession with intent to deliver on June 9, 1993. Jesus was arrested at the South Seventh Street address on June 9, 1993. Count 3 of the amended information was for delivery of a controlled substance on June 4, 1993. However, in its findings and conclusions the trial court describes count 3 as delivery of a controlled substance on May 27, 1993.

## I

■ The Jimenezes argue several violations of RCW 9.73.230, most of which lack merit. First, we reject the argument that the authorizations to record the conversations were invalid because no written applications were made. No written application is required. The Jimenezes' request for a judicial declaration that "a written application is required to protect the integrity of the process" is not well taken. The Supreme Court has already determined that RCW 9.73.230 is constitutional as written. *State v. Salinas,* 119 Wn.2d 192, 199, 829 P.2d 1068 (1992).

■ Next, we reject the argument that a signed consent is required. The statute merely requires the consent of at least one party to the conversation. The officer seeking authority to record a conversation to which that officer is a party must of necessity consent to the recording. The officer has control over whether the conversation is recorded. The statute requires that the written authorization name the consenting party and name the officers authorized to intercept, transmit and record the conversation. RCW 9.73.230(2)(b), (c). When those persons are one and the same, a separate naming of the party consenting would be redundant. The consent requirement the Jimenezes urge is more logically applied to cooperating witnesses than to police officers.

Next, we reject the Jimenezes' argument that the last two authorizations (June 7 and June 9, 1993) are invalid because they exceed the maximum number permitted by the statute. RCW 9.73.230(5) specifies that each authorization is valid for no more than 24 hours, and allows two extensions. However, the statute does not limit the number of authoriza-

tions that can be obtained. The statute allows multiple authorizations, stating that "each authorization shall independently meet all of the requirements of this section." RCW 9.73.230(5). The Jimenezes assert that the five authorizations made in this case were actually one authorization and four extensions. We disagree. Separate applications were made for each authorization. That some of the later applications were based in part on information derived from earlier authorized recordings does not change that fact.

## II

One argument the Jimenezes make has merit. They argue that two of the authorizations are invalid because they did not specify the identity of the recording officer. The authorization for May 19, 1993, stated that Detectives Catlin and Arroyos, and "any other member of the Skagit County Interlocal Drug Enforcement Unit" were authorized to record. The authorization for May 27, 1993, authorized "members of Skagit County Interlocal Drug Enforcement Unit and/or their representatives".

As we have noted, the statute specifically requires that the written report prepared at the time of authorization shall indicate the names of the officers authorized to intercept, transmit and record the conversation. RCW 9.73.230(2)(c). The requirements of the statute must be strictly complied with for authorizations to be valid. *State v. Gonzalez*, 71 Wn. App. 715, 718-19, 862 P.2d 598 (1993), *review denied*, 123 Wn.2d 1022 (1994). The *Gonzalez* court found that, unlike the consensual taping of in-custody interrogations under RCW 9.73.090, technical errors are fatal to an authorization under RCW 9.73.230. *Gonzalez*, 71 Wn. App. at 719. Unlike RCW 9.73.090, the persons against whom the recordings are being used have not consented to, and are unaware of, a recording made under RCW 9.73.230. The specific procedural instructions of RCW 9.73.230 are necessary to "limit abuse of what amounts to self-authorized electronic surveillance." *Gonzalez*, 71 Wn. App. at 719.

Law enforcement officers should provide the information required by the statute in a clear and understandable writ-

ten report. Catchall phrases such as those used in the May 19 and 27 authorizations will not suffice to meet the specificity required by the statute. This does not necessarily mean, however, that failure to complete a particular form utilized by the law enforcement agency will fail to satisfy the statute. Generally, if all the required information can be gleaned from the face of the authorization report, including who is authorized and who is acting, the authorization is valid.

On the May 19 report the description of probable cause states that "an undercover detective" will engage in the recorded conversation. Because the authorization portion of the report allowed "any other member of the Skagit County Interlocal Drug Enforcement Unit" to engage in transmitting or recording, the specific persons authorized cannot be determined from the report. On this report Detective Spevacek is listed as the consenting party, but his participation is unclear because of the other language. Because the required information cannot be gleaned from the face of the May 19 authorization report, it is invalid.

On the May 27 report, although no specific persons are listed as authorized, the description of probable cause states that Detective Spevacek will be the officer transmitting or recording the conversation. However, the catchall authorization in this report likewise renders it unclear who else will be engaged in the recording. This report attempts to authorize not only the entire drug enforcement unit, but also any of its representatives. We hold that the May 27 authorization is also invalid.

### III

The Jimenezes assert that any information obtained while the police were illegally recording is not admissible. The State asserts that, even if some of the authorizations were not valid, information obtained by the officers unaided by the recordings is still admissible. The State attempts to draw a distinction between "authority of" and "conformity with" the statute. The State asserts that since the officers were recording conversations with the good faith belief that such recordings were authorized, they had the "authority of"

RCW 9.73.230 even though acting in violation of that statute. Because the officers were under the "authority of" the statute, argues the State, RCW 9.73.230(8) allows use of the information which was obtained during but independent of the recordings themselves.

The Supreme Court has determined that RCW 9.73.230(8), the "unaided evidence provision", only applies if a recording was actually authorized under RCW 9.73.230. *State v. Salinas*, 121 Wn.2d 689, 696, 853 P.2d 439 (1993). Otherwise, the general provision which excludes evidence obtained in violation of the privacy act applies. RCW 9.73.050. *Salinas*, 121 Wn.2d at 697.

Previously, in *State v. Fjermestad*, 114 Wn.2d 828, 791 P.2d 897 (1990) the Supreme Court determined that RCW 9.73.050 prohibits the use of all information obtained by police while engaging in acts violating the privacy act, including information that was not obtained because of the illegal recording or interception of private conversations. If a police officer is a party to an illegally recorded conversation, the officer cannot testify about the conversation or any visual observations or assertive gestures made during the conversation. *Fjermestad*, 114 Wn.2d at 835; *see also Salinas*, 121 Wn.2d at 697.[1] The State argues that because the officers in *Fjermestad* and *Salinas* had not attempted to obtain authorization for their recordings, the rule pronounced in *Fjermestad* and applied in *Salinas* is not applicable to this case because here the officers attempted to comply with the statute and were operating with "authorization", albeit invalid. However, the court in *State v. Gonzalez, supra,* applied the *Fjermestad* rule to just such a case as this. The officers in *Gonzalez* thought they had valid authority to record. The court determined that there is no material difference between no authorization and invalid authorization, and all information obtained during the recordings was inadmissible. *Gonzalez*, 71 Wn. App. at 720. We decline to depart from that decision.

---

[1]Neither of the cited cases deals specifically with physical evidence obtained during the conversations, such as the cocaine purchased by the officers from the Jimenezes.

We hold that the convictions of Maria and Jesus for delivery of a controlled substance on May 19 cannot be sustained because the recording of that transaction was not authorized. Similarly, if Jesus' conviction on count 3 is for May 27, it cannot be sustained.

## IV

Finally, the Jimenezes argue that the search warrants were invalid because probable cause was based on information obtained during illegal recordings. The search warrants are valid if probable cause was established by admissible evidence presented to the issuing judge.

The search warrants were issued on June 9, 1993. According to the telephonic search warrant testimony, the initial drug transaction establishing probable cause for the search warrants took place with Maria Jimenez at the Seventh Street address on May 12, 1993. This transaction was not recorded. The next transaction used for probable cause took place on May 19 with Maria and Jesus at the Cascade Street address. However, this transaction took place during an illegal recording, and the information relating to this transaction cannot be used to establish probable cause. Similarly, the next transaction used, which occurred on May 27, was inadmissible. The authorization for the June 4 transaction, which took place with Silvano Jimenez at the Seventh Street address, was valid. Probable cause described in that report included the May 12 transaction which was not recorded.[2] Similarly, the recording of the transaction which took place on June 9 with Jesus at the Seventh Street address was authorized and could be used to establish probable cause for the search warrant. Probable cause for that authorization

---

[2]The "probable cause" necessary for a recording authorization is the same as that needed for a search warrant. *See State v. Salinas*, 119 Wn.2d 192, 199-200, 829 P.2d 1068 (1992). Compare *State v. D.J.W.*, 76 Wn. App. 135, 144-45, 882 P.2d 1199 (1994) (holding that establishing probable cause under the RCW 9.73.090 (1-party consent exception) does not require as much specificity as required for a search warrant).

was established with information from June 4, and a valid authorization obtained on June 7.[3]

Based on the admissible information provided to the issuing judge, probable cause existed to search the Seventh Street address. However, the only transaction which took place at the Cascade Street address occurred under the invalid May 19 authorization to record, and cannot be used to establish probable cause to search that address.

It is apparent from that recording that the police were aware of the Cascade Street address before any unauthorized recordings took place. However, knowledge of the Cascade Street residence and the surveillance described in the telephonic search warrant testimony do not alone establish probable cause to believe a crime is taking place at that location or a controlled substance is located therein. As a result, probable cause is not established for the search of the Cascade Street residence. Therefore, Maria Jimenez's conviction for possession of a controlled substance at that address on June 9, 1993, cannot be sustained.

Maria's convictions on counts 2 and 4 are reversed, and count 1 is affirmed. Jesus's conviction on count 4 is affirmed, count 2 is reversed, and count 3 is remanded for clarification. If count 3 is in fact for a transaction on May 27, the trial court is directed to reverse. However, if count 3 is based on the events of June 4, it is affirmed. Both causes are remanded for resentencing.

COLEMAN and AGID, JJ., concur.

Review granted at 126 Wn.2d 1021 (1995).

---

[3]The June 7 transaction was not used to establish probable cause for the search warrant.