911 P.2d 1337 (1996)
128 Wash.2d 720
The STATE of Washington, Appellant,
v.
Jesus Serjio JIMENEZ, Respondent.
The STATE of Washington, Appellant,
v.
Maria Sanchez JIMENEZ, Respondent.
No. 62706-1.
Supreme Court of Washington, En Banc.
March 7, 1996.
*1338 Dave Needy, Skagit County Prosecutor, Thomas E. Seguine, Deputy, Mount Vernon, for petitioner.
Salazar Law Offices, Antonio Salazar, Patrick Cantor, Seattle, for respondent.
DURHAM, Chief Justice.
The State of Washington seeks review of a Court of Appeals decision reversing several counts of Respondents' convictions for delivery and possession of cocaine. The Court of Appeals held that recordings of two drug transactions were not properly authorized under RCW 9.73.230, and following State v. Fjermestad, State v. Salinas, and State v. Gonzalez,[1] all evidence obtained during the recordings was inadmissible, notwithstanding the unaided evidence provision in RCW 9.73.230(8). We hold that where law enforcement officers make a genuine effort to comply with the privacy act and intercept a private conversation pursuant to an RCW 9.73.230 authorization, the admissibility of any information obtained is governed by the specific provisions of RCW 9.73.230(8). That statute does not require the suppression of evidence other than the intercepted or recorded communication itself. Consequently, we reverse the Court of Appeals.[2]

I
An undercover officer purchased cocaine from Respondent Maria Jimenez. Subsequently, officers obtained a series of five RCW 9.73.230 authorizations to record cocaine transactions with both Respondents. After these transactions were held, search warrants were obtained for two residences where cocaine was seized. Respondents moved to suppress the evidence, contending the transactions were unlawfully recorded. The trial court denied Respondents' motions. After a stipulated trial, Respondents were each found guilty on two counts of delivery of cocaine and one count of possession with intent to deliver.
The Court of Appeals reversed, holding that two of the recording authorizations were invalid for failure to sufficiently identify the recording officer(s) as required by RCW 9.73.230(2)(c). The Court of Appeals further held that, notwithstanding RCW 9.73.230(8), all the information obtained during the two unauthorized recordings must be excluded. Consequently, Respondents' delivery convictions based on those two transactions were reversed.[3] Without the evidence obtained during the unlawfully recorded transactions, one of the search warrants lacked probable *1339 cause. As a result, Respondent Maria Jimenez's conviction of possession was also reversed.

II
Washington's privacy act generally prohibits intercepting and recording any private communications. RCW 9.73.030. The privacy act includes an exclusionary rule which provides that "[a]ny information obtained in violation of RCW 9.73.030" is inadmissible. RCW 9.73.050. RCW 9.73.230 permits law enforcement agencies to self-authorize the interception or recording of conversations relating to controlled substances. To obtain a valid authorization, the agency's chief officer or designee is required to complete a written report which includes the names of the officers authorized to intercept or record the conversation. RCW 9.73.230(2)(c). This section also contains the provision at issue here.
In any subsequent judicial proceeding, evidence obtained through the interception or recording of a conversation or communication pursuant to this section shall be admissible only if:
(a) The court finds that the requirements of subsection (1) of this section were met ...
....
Nothing in this subsection bars the admission of testimony of a party or eyewitness to the intercepted, transmitted, or recorded conversation or communication when that testimony is unaided by information obtained solely by violation of RCW 9.73.030.
RCW 9.73.230(8).
We first considered the scope of the suppression remedy provided by RCW 9.73.050 in State v. Fjermestad. In that case, a detective wore a body wire during a narcotics transaction. The investigation was part of a larger operation in which body wires were routinely used for officer safety. Although the sheriff's office was aware of the privacy act, it had not sought judicial authorization for the use of the body wire. Fjermestad, 114 Wash.2d at 829-30, 791 P.2d 897. The defendant argued that RCW 9.73.050 excluded not only the unlawfully intercepted communication itself but also any information obtained during the unlawful interception, including the officer's visual observations. This court agreed, holding that the term "[a]ny information" in RCW 9.73.050 would be given its ordinary meaning, which included visual observations and gestures. Fjermestad, 114 Wash.2d at 835, 791 P.2d 897. Therefore,
when an officer knowingly transmits a private conversation, without court authorization or without the consent of all the parties, any evidence obtained, including simultaneous visual observation and assertive gestures, is inadmissible in a criminal trial.
Fjermestad, 114 Wash.2d at 836, 791 P.2d 897.
In the next RCW 9.73 case, State v. Salinas, undercover officers had intended to use an "agent alert" signaling device during a cocaine transaction. The device was not working and the officers used a body wire instead. Again, no authorization was obtained. The Court of Appeals held that the unauthorized use of the body wire rendered the detective's visual observations inadmissible and struck down the subsequently obtained warrant. Salinas, 121 Wash.2d at 691-92, 853 P.2d 439. The Salinas court followed Fjermestad and affirmed the Court of Appeals.
In Salinas, the State argued that RCW 9.73.210(5)[4] created an exception to RCW 9.73.050 for evidence unaided by the unlawful interception. This court disagreed, concluding that RCW 9.73.210(5) only applied to investigations "carried out pursuant to RCW 9.73.210." Salinas, 121 Wash.2d at 694-95, 853 P.2d 439. We rejected a similar argument based on RCW 9.73.230(8) and concluded that neither section served "as a general license to ignore the exclusionary rule of RCW 9.73.050." Salinas, 121 Wash.2d at 695, 696-97, 853 P.2d 439.
In State v. Gonzalez, officers used a body wire pursuant to an RCW 9.73.230 authorization but after the statutory 24-hour authorization period had expired. Affirming the *1340 dismissal of the prosecution, the Court of Appeals rejected an argument similar to the one advanced here.
The State attempts to distinguish Salinas on its facts, noting that in Salinas "[n]o authorization was obtained prior to the use of this body wire", Salinas, at 691, [853 P.2d 439], whereas here the officers simply exceeded the statutory time limitations. The distinction raised is not material. In both instances, the officers were acting without the authority required by the statute. In the first instance, the authority was never granted; in the second, the authority had expired.
Gonzalez, 71 Wash.App. at 720, 862 P.2d 598. The Court of Appeals followed Gonzalez and again rejected the applicability of RCW 9.73.230(8). Jimenez, 76 Wash.App. at 653, 888 P.2d 744.

III
The State suggests RCW 9.73.230(8) was intended to apply in cases where officers attempt to comply with RCW 9.73.230 and act in good faith on an invalid authorization. We agree. The unaided evidence provision in RCW 9.73.230(8) was clearly intended to apply to this type of case. If it does not apply here, it will never apply.
Fjermestad and Salinas may be distinguished by the absence of any attempt by the investigating officers to comply with RCW 9.73.230.[5] Consequently, we did not foresee that our reading of RCW 9.73.050 would be interpreted to render RCW 9.73.230(8) meaningless in cases where law enforcement officers make a genuine effort to comply with the privacy act. This case presents an opportunity to reconcile the general exclusionary rule of RCW 9.73.050 with the more specific provisions of RCW 9.73.230(8).
We hold that where law enforcement officers make a genuine effort to comply with the privacy act and intercept a private conversation pursuant to an RCW 9.73.230 authorization, the admissibility of any information obtained is governed by the specific provisions of RCW 9.73.230(8). Absent compliance with that section, the intercepted or recorded communication itself will be inadmissible. However, the unaided evidence provision in the same section precludes the suppression of any other evidence. State v. Gonzalez is overruled insofar as it is inconsistent with this decision.

IV
The Court of Appeals determination that all evidence obtained during the unauthorized recordings was inadmissible is reversed. This matter is remanded to the trial court for a determination of the effect, if any, of suppression of the recorded communications on (1) Respondents' convictions relating to the unlawfully recorded transactions, and (2) the sufficiency of the subsequently issued search warrants.
Reversed.
DOLLIVER, SMITH, GUY, JOHNSON, MADSEN, ALEXANDER and TALMADGE, JJ., and PEKELIS, J. Pro Tem., concur.
SANDERS, J., did not participate.
NOTES
[1] State v. Fjermestad, 114 Wash.2d 828, 791 P.2d 897 (1990); State v. Salinas, 121 Wash.2d 689, 853 P.2d 439 (1993); State v. Gonzalez, 71 Wash. App. 715, 862 P.2d 598 (1993).
[2] The State has not sought review of the Court of Appeals determination that the authorizations did not comply with RCW 9.73.230(2)(c).
[3] The Court of Appeals remanded one of Respondent Jesus Jimenez's counts of delivery for clarification as to whether it occurred during one of the unlawfully recorded transactions. State v. Jimenez, 76 Wash.App. 647, 655, 888 P.2d 744 (1995).
[4] RCW 9.73.210 creates a procedure, similar to RCW 9.73.230, for obtaining authorization to record or intercept private conversations where there are concerns for officer safety.
[5] Our recent decision in State v. Faford, 128 Wash.2d 476, 910 P.2d 447 (1996), involves a violation of the privacy act by a private citizen.