[Nos. 34823-0-I; 35680-1-I.    Division One.    February 10, 1997.]

THE STATE OF WASHINGTON, *Respondent,* v. MICHAEL TODD FOREST, *Appellant.*

*In the Matter of the Personal Restraint of* MICHAEL TODD FOREST, *Petitioner.*

*Kimberly N. Gordon* of *Washington Appellate Project,* for appellant/petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Deanna J. Fuller, Deputy,* for respondent.

Cox, J. — Michael Forest appeals his judgment and sentence for two counts of delivery of cocaine. He claims that the trial court erred by admitting a recording of the transaction that was the basis for count 2 because the police violated the agency authorization statute by recording more than one conversation. We affirm his conviction and dismiss the personal restraint petition.

In April 1993, based on information from a confidential informant, Detective Kathleen Larson of the King County

police was investigating drug sales by Forest. On April 21, she drove the informant to an apartment to buy cocaine from Forest using money that the police provided. Larson waited outside the apartment during the transaction. The informant then emerged and gave Larson the cocaine he had purchased.

On April 28, Detective Gerald Watkins sought authorization from Chief Frank Adamson of the King County police to record a transaction with Forest under RCW 9.73.230, the agency one-party consent statute. To that end, Watkins had the same informant who had participated in the April 21 transaction sign a statement that he consented to participate in the recording of the anticipated telephone conversation and a subsequent drug transaction. The informant then called Forest and a codefendant and arranged to purchase cocaine at a movie theater later that evening. Several detectives and the informant proceeded to the movie theater at the appointed time. The informant, who was wearing a body wire, entered Forest's car and purchased $500 worth of cocaine. The detectives observed the transaction. In addition, a police officer videotaped and monitored the recording from the informant's body wire. The police then arrested Forest and his codefendant.

The State charged Forest with two counts of delivery of cocaine based on the transactions on April 21 and 28. At trial, Forest moved to suppress the recordings of the April 28 telephone call and transaction, claiming that the agency authorization statute contemplates only one recording per authorization. The trial court granted the motion and ruled that the recording of the telephone call was admissible but that the recording of the transaction at the movie theater was inadmissible. Upon reconsideration, the trial court reversed its earlier ruling and ruled that both recordings were admissible. The jury convicted Forest on both counts. The trial court then sentenced him within the standard range to concurrent 78-month terms.

Forest's sole claim in his appeal is that the agency au-

thorization for recording the April 28 transaction did not comply with RCW 9.73.230. He purports to appeal his conviction on both counts but offers no specific challenge or argument regarding the count involving the earlier, unrecorded transaction. Accordingly, we consider only the second count.[1]

## Multiple Conversations

Forest argues that the trial court erred by admitting the recordings because the authorization contemplated recording two conversations, one by telephone to arrange the transaction and a second that was the transaction itself. He claims that the statute governing agency authorizations allows the police to record only one conversation per authorization. We disagree.

Statutory construction is a question of law subject to de novo review.[2] The primary objective of statutory construction is to carry out the intent of the Legislature by examining the language of the statute.[3] Unless a contrary intent appears, this court will give words their plain meaning.[4] To ascertain the plain meaning of a word where the statute does not define it, a court may use a dictionary.[5] All provisions of an act must be considered in their relation to each other, and, if possible, harmonized to ensure proper construction for each provision.[6] Courts should avoid strained, unlikely, or unrealistic conse-

---

[1]*Rhinehart v. Seattle Times, Inc.*, 59 Wn. App. 332, 336, 798 P.2d 1155 (1990).

[2]*Our Lady of Lourdes Hosp. v. Franklin County*, 120 Wn.2d 439, 443, 842 P.2d 956 (1993).

[3]*Stone v. Chelan County Sheriff's Dep't*, 110 Wn.2d 806, 809, 756 P.2d 736 (1988).

[4]*In re Estate of Little*, 106 Wn.2d 269, 283, 721 P.2d 950 (1986).

[5]*American Legion Post 32 v. City of Walla Walla*, 116 Wn.2d 1, 8, 802 P.2d 784 (1991).

[6]*Tommy P. v. Board of County Comm'rs*, 97 Wn.2d 385, 391, 645 P.2d 697 (1982).

quences.[7] Likewise, statutes should not be construed "so as to render any portion meaningless or superfluous."[8]

Washington's privacy act generally prohibits recording private conversations without the consent of all of the parties to the conversation.[9] The act does, however, allow the police to record conversations about drug transactions without prior judicial approval under certain conditions. In its statutory statement of purpose, the Legislature detailed the growth in illegal drug sales and the difficulties and dangers associated with enforcing the controlled substances statutes. It then found:

> [C]onversations regarding illegal drug operations should be intercepted, transmitted, and recorded in certain circumstances without prior judicial approval in order to protect the life and safety of law enforcement personnel and to enhance prosecution of drug offenses, and that that interception and transmission can be done without violating the constitutional guarantees of privacy.[10]

RCW 9.73.230(1), which was enacted for the purpose of enhancing drug prosecutions, provides:

> As part of a bona fide criminal investigation, the chief law enforcement officer . . . or his . . . designee . . . may authorize the interception, transmission, or recording of a *conversation* or *communication* by officers under the following circumstances:
>
> (a) At least one party to the *conversation* or *communication* has consented to the interception, transmission, or recording;
>
> (b) Probable cause exists to believe that the *conversation* or *communication* involves . . . controlled substances . . .; and

---

[7]*State v. Fjermestad*, 114 Wn.2d 828, 835, 791 P.2d 897 (1990).

[8]*Stone*, 110 Wn.2d at 810.

[9]RCW 9.73.030.

[10]RCW 9.73.200.

(c) A written report has been completed . . . . [11]

That report must contain:

(a) The circumstances that meet the requirements of subsection (1) of this section [quoted above];

(b) The names of the authorizing and consenting parties . . .;

(c) The names of the officers authorized to interpret, transmit, and record the *conversation* or *communication*;

(d) The identity of the particular person or persons, if known, who may have committed or may commit the offense;

(e) The details of the particular offense or offenses that may have been or may be committed and the expected date, location, and approximate time of the conversation or communication; and

(f) Whether there was an attempt to obtain [judicial] authorization pursuant to RCW 9.73.090(2) and, if there was such an attempt, the outcome of the attempt.[12]

In addition to the reporting requirements, the Legislature enacted other procedural protections to limit the potential for abuse "of what amounts to self-authorized electronic surveillance."[13] RCW 9.73.230(4) requires the police to protect each recording from any editing or other form of alteration. Unlike a judicial authorization to record drug transactions, which is valid for 14 days,[14] an agency authorization is valid for only 24 hours, subject to two extensions that must be executed independently of the original authorization.[15] Within 15 days of the authorization's signing, the police must submit a report to

---

[11](Italics ours.)

[12]RCW 9.73.230(2) (italics ours).

[13]*State v. Gonzalez*, 71 Wn. App. 715, 719, 862 P.2d 598 (1993), *review denied*, 123 Wn.2d 1022 (1994), *overruled on other grounds by State v. Jimenez*, 128 Wn.2d 720, 911 P.2d 1337 (1996).

[14]RCW 9.73.090(5).

[15]RCW 9.73.230(5). *See Gonzalez*, 71 Wn. App. at 718-19.

the court, including the identity of the participants in the conversation, as well as its date, time, and location.[16] Finally, to admit a recording into evidence, the trial court must find that it meets the requirements of RCW 9.73.230(1) quoted above.[17]

Forest argues that, because both "communication" and "conversation" are singular in RCW 9.73.230(1), an agency authorization can permit the recording of only one communication or conversation. He compares the agency authorization section with the statute governing judicially authorized recordings. The latter provides:

> It shall not be unlawful for a law enforcement officer acting in the performance of the officer's official duties to intercept, record, or disclose an oral *communication* or *conversation* where the officer is a party to the *communication* or *conversation* or one of the parties to the *communication* or *conversation* has given prior consent to the interception, recording, or disclosure: PROVIDED, That prior to the interception, transmission, or recording the officer shall obtain written or telephonic authorization from a judge or magistrate, who shall approve the interception, recording, or disclosure of *communications* or *conversations* with a nonconsenting party for a reasonable and specified period of time, if there is probable cause to believe that the nonconsenting party has committed, is engaged in, or is about to commit a felony . . . .[18]

Forest argues that the use of the plural of "conversation" in the judicial authorization statute, compared with the singular in the corresponding section of the agency authorization statute, limits an agency authorization to one conversational exchange. He also quotes a dictionary definition of "conversation:" "(1) oral exchange of sentiments, observations, opinions, ideas: colloquial discourse . . . (2)

[16]RCW 9.73.230(6).

[17]RCW 9.73.230(8)(a).

[18]RCW 9.73.090(2) (emphasis added).

an instance of conversational exchange."[19] He concludes that the plain meaning of the statute limits each agency authorization to one conversation or communication.

Forest also suggests that the 24-hour time limit on agency authorizations exists to deal with situations when the police cannot specify a precise time when a drug transaction is expected to occur. He claims that the provision does not permit recording all discourse between the parties within 24 hours of the authorization. According to Forest, this reading would render superfluous the requirement to state an expected time of the transaction and such a reading would be contrary to the principle of statutory interpretation to give effect to all portions of a statute.

We conclude that the Legislature did not intend to limit agency authorizations to one conversation per authorization. First, such a limitation would lead to absurd results, in contravention of a cardinal principle of statutory construction.[20] As the State argues, and Forest acknowledges in his reply brief, drug transactions frequently involve multiple conversations to finalize the location of the sale. Under Forest's analysis, every time a suspect says in a recorded conversation that he or she would rather move a few blocks away to complete a transaction, the police would be prohibited from recording the completed transaction. This scenario would frustrate the express intent of the Legislature to enhance drug prosecutions by enacting the agency authorization statute. Furthermore, if agency authorizations can encompass only one conversation, most recording of drug transactions would have to occur under judicial authorizations. This is again because most drug transactions involve several contacts before the parties finalize a location. Such a result would render the agency authorization statute essentially superfluous, clearly contrary to the expressed legislative intent.

---

[19]WEBSTER'S THIRD NEW INT'L DICTIONARY 498 (1971).

[20]*State v. Neher*, 112 Wn. 2d 347, 771 P.2d 330 (1989).

In addition, the statute authorizes the police to record "communications from additional persons if the persons are brought into the conversation or transaction by the nonconsenting party or if the nonconsenting party or such additional persons cause or invite the consenting party to enter another jurisdiction."[21] It would be anomalous to permit the police to record communications of additional persons but prohibit them from recording multiple conversations by the same person concerning a particular drug transaction.

Finally, the authorization in this case expressly contemplates two conversations, one by telephone to arrange the transaction and one in person to finalize it. It would be a triumph of form over substance to require the police to obtain separate authorizations for the single transaction in question here. We decline to do so.

Forest also argues that the authorization is defective because the authorization was signed on April 28, 1993, at 3:22 p.m., but the expected date of the transaction was April 29, 1993, at 7:00 p.m., more than 24 hours after the authorization occurred. But Forest did not make this challenge before the trial court and therefore failed to preserve it for review.[22]

We hold that the trial court did not err by admitting the recordings. We affirm the convictions on both counts.

The remainder of this opinion has no precedential value and will not be published.[23]

WEBSTER and ELLINGTON, JJ., concur.

Reconsideration denied February 28, 1997.

Review denied at 133 Wn.2d 1015 (1997).

---

[21]RCW 9.73.230(3).

[22]RAP 2.5(a). *See, e.g., State v. Scott,* 110 Wn.2d 682, 685, 757 P.2d 492 (1988).

[23]RCW 2.06.040.