IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32623-3-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STEPHEN ROY SANDBERG, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Stephen Sandberg was convicted of the unlawful manufacture and possession of marijuana. His appeal challenges the denial of a motion to suppress evidence seized pursuant to a search warrant. The State cross-appeals the suppression of evidence under the Privacy Act. We affirm.

FACTS

In June 2012, a confidential informant (CI) told the Grant County Sheriff's Office about a marijuana grow operation run by Mr. Sandberg. Based on that information and independent corroborating evidence, the Sheriff's Office obtained a search warrant and court authorization to record a controlled buy. On June 13, the CI took an undercover detective, who was wearing a wire, to Mr. Sandberg's home and workshop, introducing

the detective as a customer. Mr. Sandberg showed the two around his grow operation, and then sold them some marijuana. The next day, the Sheriff's Office executed the search warrant, seized the plants, and arrested Mr. Sandberg.

Mr. Sandberg was then charged with manufacturing, possession, and delivery of a controlled substance. Before trial, the defense moved to suppress the evidence from both the controlled buy and the search. The trial court found the search warrant valid, but determined that the recording authorization violated the Privacy Act. The court suppressed all evidence related to the controlled buy. The State then amended the information to omit the delivery charge. The jury convicted on the two remaining charges.

## ANALYSIS

This case presents two issues related to the suppression motions. Mr. Sandberg challenges the court's determination that the search warrant was issued with probable cause. By cross-appeal, the State challenges the trial court's suppression of all evidence from the controlled buy as a violation of the Privacy Act.

*Search Warrant*

Probable cause to issue a warrant is established if the supporting affidavit sets forth "facts sufficient for a reasonable person to conclude the defendant probably is involved in criminal activity." *State v. Huft*, 106 Wn.2d 206, 209, 720 P.2d 838 (1986). The existence of probable cause is a legal question which a reviewing court considers de novo. *State v. Chamberlin*, 161 Wn.2d 30, 40, 162 P.3d 389 (2007).

2

Mr. Sandberg admits the affidavit established that he was probably involved in a marijuana grow operation. He points out that the 2011 medical marijuana law legalized certain grow operations. *See* LAWS OF 2011 ch. 181 § 401. He argues that because the affidavit lacked any information that would indicate the grow operation did not comply with the medical marijuana law, it did not establish that he was involved in criminal activity.

We stayed this case pending the Supreme Court's resolution of this very issue in *State v. Reis*, 183 Wn.2d 197, 351 P.3d 127 (2015). That decision controls here. In *Reis*, the court determined that the 2011 law created an affirmative defense to the crime of manufacturing marijuana. *Id.* at 207-218. Since an affirmative defense is an excuse for admitted criminal conduct, the possibility that it may exist does not negate the probability of criminal activity. *Id.* at 218; *State v. Fry*, 168 Wn.2d 1, 6, 228 P.3d 1 (2010). Consequently, probable cause existed to issue the warrant, and the trial court correctly declined to suppress the evidence seized.

*Privacy Act*

Initially we note that this issue is moot. After the trial court suppressed all evidence of the controlled buy, the State amended the information to omit the delivery charge. The State is not appealing from any court ruling that would lead to reinstatement of the delivery charge and since we affirm the two convictions, there are no remaining charges to be tried. Consequently, there is no effective relief available were the State to

3

prevail on this issue, rendering it moot. *State v. Deskins*, 180 Wn.2d 68, 80, 322 P.3d 780 (2014).

In any event, the State's cross-appeal is not well received. First, the State argues that the recorded conversation was not private, and therefore outside the scope of the Privacy Act. However, the prosecution admitted below to a violation of that act. The State is judicially estopped from arguing the opposite now on appeal.

The State next asks this court to create a good faith exception to the Privacy Act's exclusionary rule. *See* RCW 9.73.050. It contends that when law enforcement obtains a court ordered authorization in good faith, witnesses should be allowed to testify to the recorded conversation, even when that authorization is later deemed invalid.[1] However, such an expansion would be contrary to the Supreme Court's holding in *State v. Fjermestad*, 114 Wn.2d 828, 791 P.2d 897 (1990).

---

[1] The State argues this as an expansion of *State v. Jimenez*, 128 Wn.2d 720, 911 P.2d 1337 (1996). RCW 9.73.230 allows law enforcement to authorize recordings in certain, limited circumstances. When such authorizations are later deemed faulty, eyewitness testimony is still admissible where law enforcement made a good faith effort to comply with the Privacy Act. *Jimenez*, 128 Wn.2d at 726. However, this exception is premised on explicit statutory language present in that section. *Id.* at 723-726; RCW 9.73.230(8). There is no such language present in the section dealing with court ordered authorizations. *See* RCW 9.73.090.

No. 32623-3-III
*State v. Sandberg*

The convictions are affirmed, and the State's cross-appeal is dismissed as moot.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Siddoway, J.

Lawrence-Berrey, A.C.J.

5