[No. 19817-7-II.   Division Two.   May 16, 1997.]
THE STATE OF WASHINGTON, *Respondent,* v. JAMES
JOHN MAZZANTE, JR., *Petitioner.*

*Sverre O. Staurset, Sean P. Wickens,* and *Law Offices of Sverre O. Staurset, P.S.,* for petitioner.

*John W. Ladenburg, Prosecuting Attorney*, and *Thomas C. Roberts, Deputy*, for respondent.

HUNT, J. — James Mazzante was charged with assault of a child in the first degree. The trial court denied Mazzante's pretrial motion to exclude his tape-recorded statement to police, ruling that the tape "substantially complied" with RCW 9.73.090. Mazzante seeks interlocutory review.[1] We reverse and remand.

## FACTS

On April 23, 1995, C. Mazzante, a six-week-old infant, was admitted to Mary Bridge Hospital, suffering from a subdural hematoma to the head, retinal hemorrhaging, and two fractured legs. A doctor concluded that these injuries were not accidental, but rather the result of "classic" abuse.

Officer Goetz interviewed the hospital staff, social workers, and C.'s mother, grandmother, and sister. Following advisement of his *Miranda*[2] rights, Officer Goetz interviewed C.'s father, James Mazzante. Mazzante signed a written "Advisement of Rights." Mazzante stated that C. was probably injured when Mazzante and his wife attempted to remove him from a car seat or when Mazzante dropped him earlier. Mazzante denied abusing C. and attempted to blame his sister-in-law for C.'s broken legs.

Detective Goetz placed Mazzante under arrest and transported him to the police station. At the station, Maz-

---

[1]The trial court has not yet conducted a CrR 3.5 hearing on the voluntariness of Mazzante's underlying statement nor has the case gone to trial.

[2]*Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

zante requested to talk further. On tape, Goetz obtained Mazzante's permission to record their conversation and noted the beginning and ending time. Mazzante acknowledged on the tape that he had previously been advised of his *Miranda* rights. Goetz did not re-advise Mazzante of these rights on tape. During the recorded conversation, Mazzante stated that he had been rough with C. the night before, had accidentally dropped C. and stepped on C.'s legs while trying to pick him up, and had heard a "crushing" sound.

Mazzante was charged with assault of a child in the first degree. Mazzante moved to exclude his taped statement, arguing that it failed to comply with RCW 9.73.090(1)(b) because he was not informed of his *Miranda* rights on tape. The trial court denied the motion and ruled the tape admissible, concluding that because the taped statement referenced Mazzante's prior written waiver, the tape "substantially complied" with RCW 9.73.090(1)(b).

This court granted Mazzante's motion for interlocutory discretionary review. We hold the tape recording of Mazzante's statement inadmissible because it did not "strictly comply" with RCW 9.73.090(1)(b).

## ANALYSIS

■■ The "Privacy Act," RCW 9.73.090, governs the recording of custodial interrogations. RCW 9.73.090(1)(b) provides:

> Video and/or sound recordings may be made of arrested persons by police officers responsible for making arrests or holding persons in custody before their first appearance in court. Such video and/or sound *recordings shall conform strictly* to the following:
>
> (i) The arrested person shall be informed that such recording is being made and the statement so informing him shall be included in the recording;
>
> (ii) The recording shall commence with an indication of the time of the beginning thereof and terminate with an indication of the time thereof;

(iii) At the commencement of the recording the arrested person shall be *fully informed* of his constitutional rights, and such statements informing him shall be *included in the recording*;

(iv) The recordings shall only be used for valid police or court activities.

(Emphasis added.) It is undisputed that Mazzante's recorded statement satisfies (i), (ii), and (iv), above. Mazzante contends that mere reference to the written advisement of rights does not satisfy (iii). We agree.

Generally, recordings that fail to comply strictly with statutory requirements are inadmissible. *State v. Cunningham*, 93 Wn.2d 823, 830-31, 613 P.2d 1139 (1980). In order to satisfy (iii), a recorded statement must contain a full statement of the defendant's *Miranda* rights. *Cunningham*, 93 Wn.2d at 830. Mere reference to a prior written waiver is insufficient. *Cunningham*, 93 Wn.2d at 830. The State asserts that *Cunningham* has been weakened by subsequent cases, which require only *substantial compliance* with the statutory requirements. We disagree.

Cases since *Cunningham* have permitted "substantial compliance" with requirements (i) and (ii) in limited circumstances. *State v. Rupe*, 101 Wn.2d 664, 685, 683 P.2d 571 (1984); *State v. Jones*, 95 Wn.2d 616, 627, 628 P.2d 472 (1981); *State v. Gelvin*, 43 Wn. App. 691, 695-96, 719 P.2d 580 (1986). No case has permitted only substantial, rather than strict, compliance with (iii), requiring full advisement of constitutional rights on the recording. In *Cunningham*, the Supreme Court ruled the recordings inadmissible for non-compliance with the statute, even though as here, the recording made reference to a "previously signed statement of constitutional rights." *Cunningham*, 93 Wn.2d at 830.[3]

"Where the meaning of the statute is clear from the language of the statute alone, there is no room for judicial

---

[3]Under the facts of *Cunningham*, however, failure to comply with the statute was harmless error.

interpretation." *Kadoranian v. Bellingham Police Dept.*, 119 Wn.2d 178, 185, 829 P.2d 1061 (1992). The meaning of RCW 9.73.090(1)(b) is "clear from the language of the statute alone." As explained by our Supreme Court,

> RCW 9.73.090 is specifically aimed at the specialized activity of police taking recorded statements from arrested persons, as distinguished from the general public. While mere consent may be wholly sufficient to protect members of the general public whose statements have been recorded under noncustodial conditions, such is not true when dealing with persons whose statements have been taken while under custodial arrest. In the latter situation, consent alone has been deemed insufficient. The legislature has authorized police to make sound recordings of statements made by arrested persons only under carefully circumscribed conditions. The recordings are required to "conform strictly" to rules which ensure that waiver by consent authorized by RCW 9.73.030 is capable of proof by the recording itself thereby avoiding a "swearing contest".

> The foregoing statutory provisions, when adhered to strictly, will establish within the recording itself that a defendant's consent was given only after being informed the statement would be recorded; that the consent and resultant statement were given only after being fully informed of one's constitutional rights, including the exact information imparted; and that the statement was not obtained by means of oppressively long interrogation or interrogation that occurred at unreasonable times or in unreasonable sequences.

*Cunningham*, 93 Wn.2d at 829-30

Here, the State relies on post-*Cunningham* cases permitting "substantial," rather than "strict," compliance with (i) and (ii) of the statute. This reliance is misplaced. These post-*Cunningham* cases deal with (i) and (ii) only, aspects of custodial interrogation other than advisement of constitutional rights; these cases are not controlling here. The trial court reasoned that the recording substantially complied with the statute because Mazzante had "admittedly signed a rights form one and one half hours earlier" and had affirmatively acknowledged it on the tape. The

trial court also noted the absence of police misconduct and the resultant lack of a "swearing contest" as to the voluntariness of Mazzante's statement. *Cunningham*, however, requires strict compliance. *Cunningham*, 93 Wn.2d at 830.

The Legislature explicitly requires "strict conform[ance]" with the statute when police officers record the statements of "arrested persons." RCW 9.73.090(b). The statute mandates that "the arrested person shall be fully informed of his constitutional rights, and such statements informing him shall be included in the recording." RCW 9.73.090(b)(iii). The Legislature has provided no exceptions for advisement of constitutional rights prior to the recording, not even where, as here, there may be independent evidence of a knowing, intelligent, and voluntary written waiver of those rights.

There is no statutory ambiguity in RCW 9.73.090(1)(b). This court may not substitute "substantial compliance" for the legislatively mandated "strict compliance" with the requirement that police officers "fully" inform an arrestee of his constitutional rights on the recording. Because Mazzante's recorded statement does not contain a full advisement of his *Miranda* rights, we hold that it does not comply with RCW 9.73.090(1)(b).

## Harmless Error

■ The State argues that admitting the tape recording will be harmless error. This argument is without merit. Under a harmless error analysis, an appellate court must review the record to determine whether the trial court's error potentially affected the trial's outcome. *See e.g., Cunningham*, 93 Wn.2d at 831. Here we cannot make such a determination because there has not yet been a trial. Moreover, this interlocutory appeal offers an opportunity to prevent this error from occurring at trial.

Accordingly, we reverse and remand for further proceedings.[4]

HOUGHTON, C.J., and SEINFELD, J., concur.

---

[4]Our holding is limited to the inadmissibility of the tape recording itself. The issue of admissibility of Mazzante's underlying statement to Detective Goetz is not before us, nor has it yet been addressed by the trial court.