[No. 22750-9-II.    Division Two.    May 7, 1999.]

THE CITY OF TACOMA, *Respondent*, v. WILLIAM P. DURHAM, *Appellant*.

*Scott Steven Schwieger,* for appellant.

*Robin Jenkinson, City Attorney,* and *David Joseph Corey, Assistant; Christine O. Gregoire, Attorney General,* and *Barbara Noel Bailey, Assistant,* for respondent.

BRIDGEWATER, C.J. — William P. Durham appeals his conviction for driving under the influence, contending that his arrest was unlawful and that he received ineffective assistance of counsel. We affirm.

## FACTS

Pierce Transit supervisor Dwayne Stewart saw William Durham's car driving erratically in the area of South 38th and South Tacoma Way in Tacoma, Washington. Durham ran a red light and nearly hit Stewart's car. Because he was concerned that Durham might be under the influence

of intoxicants, Stewart called 911 while continuing to follow Durham's car as it weaved across the center line and rolled backward at a stop light.

Radio dispatch informed Tacoma police officer Quinn of Durham's dangerous driving. When he caught up to Durham's car, it was located at South 74th and Lakewood Drive, in the City of Lakewood. Quinn activated his emergency lights, and Durham stopped. Quinn smelled a strong odor of alcohol when he approached Durham. After conducting field sobriety tests, Quinn arrested Durham on suspicion of driving under the influence.

Durham was found guilty after a bench trial on stipulated facts. Because of his medical problems, Durham received a sentence of electronic home monitoring.

At trial in Tacoma Municipal Court, Durham did not object to the validity of his Lakewood arrest. On RALJ appeal, he argued that his arrest was invalid because Officer Quinn, a member of the Tacoma Police Department, lacked authority to arrest him in Lakewood. The RALJ court rejected this claim and upheld Durham's convictions. The court held that the requirements for fresh pursuit had been satisfied, and that Durham's trial lawyer was not ineffective for failing to raise the issue. This court granted Durham's motion for discretionary review.

I

Durham first argues that the doctrine of fresh pursuit does not justify his arrest because the State did not establish that Durham knew he was being pursued by Quinn when he was within the Tacoma city limits.[1]

RCW 10.93.070(6) allows a police officer to enforce the traffic or criminal laws of this state throughout its territo-

---

[1]Durham also alleges that the Tacoma Municipal Court lacked jurisdiction to hear his case, because he was arrested in Lakewood. He cites no authority for this proposition. Durham committed the offense first in Tacoma and later in Lakewood; therefore the Tacoma Municipal Court had jurisdiction to hear his case. *See*, RCW 3.50.020, 35.20.030, 35.20.250.

rial bounds when the officer is in fresh pursuit, as defined by RCW 10.93.120(2). RCW 10.93.120 provides in pertinent part as follows:

(1) Any peace officer who has authority under Washington law to make an arrest may proceed in fresh pursuit of a person (a) who is reasonably believed to have committed a violation of traffic or criminal laws, . . .

(2) The term "fresh pursuit," as used in this chapter, includes, without limitation, fresh pursuit as defined by the common law. Fresh pursuit does not necessarily imply immediate pursuit, but pursuit without unreasonable delay.

These statutes are part of the Washington Mutual Aid Peace Officer Powers Act, ch. 10.93 RCW, enacted in 1985 to expand common law restrictions on limited territorial enforcement and to remove artificial barriers to mutual aid and cooperative law enforcement. RCW 10.93.001.

As stated, the statutory definition of fresh pursuit relies, at least in part, on the common law. The Court of Appeals identified five common law elements of fresh pursuit in *City of Wenatchee v. Durham*, 43 Wn. App. 547, 550-51, 718 P.2d 819 (1986):

(1) that a felony occurred in the jurisdiction; (2) that the individual sought must be attempting to escape to avoid arrest or at least know he is being pursued; (3) that the police pursue without unnecessary delay; (4) that the pursuit must be continuous and uninterrupted, though there need not be continuous surveillance of the suspect nor uninterrupted knowledge of his location; and (5) that there be a relationship in time between the commission of the offense, commencement of the pursuit, and apprehension of the suspect.

Durham concedes that element (1) has been superseded by statute, in that fresh pursuit may be undertaken for traffic offenses. He argues that the record does not support element (2), because he did not know he was being pursued while he was in Tacoma. He adds that without pursuit across a boundary line of the jurisdiction wherefrom a suspect is thought to have committed a crime, there is no pursuit, let alone fresh pursuit. We disagree.

As support for this argument, he cites the *Wenatchee* holding. There, a Wenatchee police officer saw a car without a rearview mirror and a vehicle hood and followed it, without activating his vehicle's siren or flashing lights, across the Chelan County boundary into Douglas County. At that time, officers generally had no authority to arrest an offender outside the geographical boundaries of their municipality, but could make such an arrest when in fresh pursuit. The Court of Appeals held, however, that the fresh pursuit exception did not justify the arrest in *Wenatchee*:

> While pursuit does not imply a fender-smashing Hollywood style chase scene, it does connote something more than mere casual following. . . . There is no evidence Mr. Durham was attempting to escape or fleeing the jurisdiction to avoid arrest. Nor is there evidence that Mr. Durham knew he was being pursued while in Wenatchee.

*Wenatchee*, 43 Wn. App. at 551-52. In a footnote, the court noted the recent enactment of the Washington Mutual Aid Peace Officer Powers Act, and its expansion of jurisdictional authority under certain circumstances, but observed that the Act was inapplicable because Durham's arrest occurred before the Act became effective. *Wenatchee*, 43 Wn. App. at 549-50 n.1.

██ The Act does apply here. At first blush, the definition of fresh pursuit in RCW 10.93.120(2) appears to fully incorporate the common law elements of that doctrine. However, the Legislature used the words "without limitation" as a preface to "as defined by the common law." RCW 10.93.120(2). It also removed the first element of the common law definition by allowing police to arrest outside their jurisdiction when in pursuit of a possible traffic offender.

The Legislature did not provide an express directive that it was abrogating the common law by enacting RCW 10.93. *See McNeal v. Allen*, 95 Wn.2d 265, 269, 621 P.2d 1285 (1980) (to deviate from the common law, Legislature must clearly state intent to do so). However, by applying fresh pursuit to nonfelony offenses and traffic infractions, the statute clearly is inconsistent with the common law as

defined in *Wenatchee*. We interpret the phrase "without limitation" to mean that courts are not limited by the common law definition, but may consider the Legislature's overall intent to use practical considerations in deciding whether a particular arrest across jurisdictional lines was reasonable. *See State ex rel. Madden v. Public Util. Dist. No. 1*, 83 Wn.2d 219, 221-22, 517 P.2d 585 (1973) (obvious meaning of a statute must prevail over preexisting common law), *cert. denied*, 419 U.S. 808 (1974). Here, Officer Quinn's pursuit of Durham was immediate and necessary to apprehend a dangerous driver. Quinn was required to cross into the City of Lakewood to effectuate the traffic stop and prevent harm to other drivers; the inherent mobility of Durham's driving offense in an urban area should not thwart his prosecution. *See generally, Warden, Md. Penitentiary v. Hayden*, 387 U.S. 294, 298-300, 87 S. Ct. 1642, 18 L. Ed. 2d 782 (1967) (Fourth Amendment does not demand that police delay investigation if to do so would gravely endanger human life).

In light of the entire statute, considering both legislative intent and plain language, we hold that the RALJ court properly determined that Officer Quinn effected a valid arrest. Fresh pursuit is a more flexible doctrine under RCW 10.93.120 than it was at common law, and we interpret the statute liberally to allow for an arrest under the circumstances presented here. The individual need not know he is being pursued, nor must the active pursuit cross a boundary.

We also note that, even if the elements of fresh pursuit were not satisfied under RCW 10.93.120, there was an independent basis for a valid arrest. According to RCW 10.93.070(2), a police officer may cross over to another jurisdiction and make an arrest "[i]n response to an emergency involving an immediate threat to human life or property." In this case, Officer Quinn was responding to a 911 call by Stewart, who observed Durham's car weaving across the center line after it ran a red light and nearly struck his car. Clearly, this situation presented an emergency, and Quinn reasonably responded across jurisdictional lines.

Such erratic driving was an immediate threat to human life or property.

## II

■ Durham next contends that his lawyer provided ineffective assistance when he failed to challenge the legality of his arrest and move to suppress the evidence obtained pursuant thereto. In order to establish ineffective assistance of counsel, the defendant must show both unreasonable performance and resulting prejudice. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995); *State v. Contreras*, 92 Wn. App. 307, 318, 966 P.2d 915 (1998).

■■ It is strongly presumed that counsel's performance was reasonable. *McFarland*, 127 Wn.2d at 335-37. Just as an appellate lawyer is not considered ineffective for failing to raise every conceivable nonfrivolous claim of error, a trial lawyer cannot be faulted for failing to make a record of every such allegation. *See generally, In re Personal Restraint of Lord*, 123 Wn.2d 296, 314, 868 P.2d 835, *decision clarified by*, 123 Wn.2d 737, *cert. denied*, 513 U.S. 849 (1994). Regarding the prejudice component, the defendant must show that if his lawyer had brought a motion to suppress, there is a reasonable probability that the motion would have been granted. *McFarland*, 127 Wn.2d at 337 n.44; *Contreras*, 92 Wn. App. at 317.

Durham's trial lawyer did not challenge the arrest under RCW 10.93. However, as discussed above, such a challenge would not have been successful because the arrest was valid under both the fresh pursuit and the emergency sections of RCW 10.93.070. Although this legal issue was not frivolous, Durham's trial lawyer did not fall below the standard of reasonable performance by failing to make a record on this claim. We hold that Durham fails to establish either the performance or the prejudice prong of ineffective assistance of counsel.

Affirmed.

883

HOUGHTON and HUNT, JJ., concur.