[No. 49339-6-I. Division One. February 18, 2003.]

MICHAEL VANCE, *Appellant*, v. THE DEPARTMENT OF LICENSING, *Respondent*.

*Elizabeth A. Padula*, for appellant.

*Christine O. Gregoire, Attorney General*, and *Richard A. Becker, Assistant*, for respondent.

ELLINGTON, J. — Michael Vance appeals the revocation of his driver's license for refusing to take a breath test. He claims that police unlawfully stopped him outside their jurisdiction and that he was denied assistance of counsel in

deciding whether to take the breath test. But police may make stops outside their jurisdiction following pursuit of a suspect reasonably believed to have committed a traffic infraction, and Vance's license revocation was an administrative procedure that carries no right to counsel. We therefore affirm.

## FACTS

A King County Sheriff's deputy observed a vehicle driven by Michael Vance traveling fast in the northbound lane of the 19500 block of Aurora Avenue. After clocking the vehicle at 53 miles per hour in a 40 miles per hour zone, the deputy followed the vehicle across the King County line and made a traffic stop at 205th and Aurora Avenue North, just within Snohomish County limits.

Upon contact with Vance, the deputy immediately smelled alcohol and observed that Vance had bloodshot, glassy eyes and slurred, deliberate speech. Based on these impressions and Vance's admission to having consumed two or three alcoholic drinks, the deputy requested that the Washington State Patrol respond to the scene. A State Patrol sergeant arrived and likewise observed that Vance's eyes were watery and bloodshot and his face flushed. Vance again acknowledged drinking alcohol and stated he wanted to call his lawyer. The State Patrol sergeant placed Vance under arrest and advised him of his constitutional rights. Vance repeated his desire to call his lawyer. Vance was then transported to the Shoreline Police Department and placed in the custody of a State Patrol trooper for administration of the breath test. The trooper was informed that Vance had invoked his constitutional rights.

The trooper reread Vance his rights. Vance said he understood and signed the waiver form. The trooper then read Vance the statutory implied consent warnings. Vance stated he understood, but delayed signing the form, attempting to engage in conversation instead. The trooper read the warnings again and explained the effect of signing.

Vance asked whether he should take the test, and the trooper replied that she had no opinion. Vance then signed the warnings. The trooper proceeded to ask Vance whether he would take the test. He responded by repeatedly requesting the trooper's advice as to what he should do. Vance finally stated that he was refusing the test, initialing that option on the form.

An administrative hearing officer sustained revocation of Vance's license for refusing to submit to a breath test. On appeal, the superior court affirmed. We granted Vance's motion for discretionary review.

## DISCUSSION

Lawful Stop

■ ■ Vance contends that the King County Sheriff's deputy had no jurisdiction to stop him in Snohomish County. Police officers are allowed to enforce traffic laws throughout the "territorial bounds of this state," RCW 10.93.070, provided the officer is in "fresh pursuit" as defined by RCW 10.93.120(2):

> The term "fresh pursuit," as used in this chapter, *includes, without limitation,* fresh pursuit as defined by the common law. Fresh pursuit does not necessarily imply immediate pursuit, but pursuit without unreasonable delay.

(Emphasis added.)

Vance contends his stop does not meet the requirements of fresh pursuit. He argues that the common law definition necessitates, among other criteria, "that the individual sought must be attempting to escape to avoid arrest or at least know he is being pursued." *See City of Wenatchee v. Durham*, 43 Wn. App. 547, 550-52, 718 P.2d 819 (1986) (illegal arrest where there was no evidence that suspect was attempting to flee the jurisdiction to avoid arrest or that he knew he was being pursued). But chapter 10.93 RCW, which took effect after *Wenatchee*, does not limit fresh pursuit to the common law definition. The statute was enacted with the intent that

current artificial barriers to mutual aid and cooperative enforcement of the laws among general authority local, state and federal agencies be modified pursuant to this chapter. This chapter shall be liberally construed to effectuate the intent of the legislature to modify current restrictions upon the limited territorial and enforcement authority of general authority peace officers . . . .

RCW 10.93.001(2), (3).

Under the statute, "courts are not limited by the common law definition, but may consider the Legislature's overall intent to use practical considerations in deciding whether a particular arrest across jurisdictional lines was reasonable." *City of Tacoma v. Durham*, 95 Wn. App. 876, 881, 978 P.2d 514 (1999) (where police observed driver weaving and running a red light, out-of-jurisdiction arrest after pursuit was lawful). During a fresh pursuit, the driver "need not know he is being pursued." *Durham*, 95 Wn. App. at 881. Given the inherent mobility of a driving offense, the fresh pursuit doctrine is a necessary means of cooperatively enforcing traffic laws to ensure public safety. *Durham*, 95 Wn. App. at 881.

Vance was speeding. Police therefore had a reasonable belief that he posed a public danger. The King County Sheriff's deputy pursued Vance's vehicle, without unreasonable delay, across a jurisdictional boundary within an urban area. Vance's stop occurred as a result of fresh pursuit and was lawful.

Access to Counsel

Vance claims he was denied reasonable access to counsel, and that, in the absence of such assistance, the trooper's failure to address his confusion prevented him from making a knowing and intelligent decision as to whether to take the breath test.

■ The implied consent statute grants the Department of Licensing the authority to revoke the license of a driver who refuses to submit to a breath test after being informed of his statutory rights, including the consequences of re-

fusal. *Keefe v. Dep't of Licensing*, 46 Wn. App. 627, 632, 731 P.2d 1161 (1987). A driver has no right to counsel in license revocation proceedings before deciding whether to take a breath test. *Keefe*, 46 Wn. App. at 632-33 (citing *Haas v. Dep't of Licensing*, 31 Wn. App. 334, 338, 641 P.2d 717 (1982) and *Wolf v. Dep't of Motor Vehicles*, 27 Wn. App. 214, 221, 616 P.2d 688 (1980)); *Ball v. Dep't of Licensing*, 113 Wn. App. 193, 197, 53 P.3d 58 (2002).

▪ Vance relies upon former JCrR 2.11 (1987) (now CrRLJ 3.1), which reads in part: "The right to counsel shall extend to all *criminal proceedings* for offenses punishable by loss of liberty regardless of their denomination as felonies, misdemeanors, or otherwise." (Emphasis added.) Vance argues that the rule creates a limited right to counsel in the administrative context. We reject this contention. The rule applies only to criminal proceedings. There is no right to counsel for license revocation purposes. *Keefe*, 46 Wn. App. at 632; *see also Ball*, 113 Wn. App. at 197.

Vance argues, however, that because a refusal to take the breath test can now be used as evidence in criminal proceedings, a right of access to counsel attaches at the time a driver decides whether to take the test. *See* RCW 46.20.308(2)(c). Vance points to *Thompson v. Department of Licensing*, 138 Wn.2d 783, 982 P.2d 601 (1999) and *Shuman v. Department of Licensing*, 108 Wn. App. 673, 32 P.3d 1011 (2001) for the proposition that "[t]he line between the civil and criminal consequences of a DUI [(driving under the influence)] [has] been further blurred." Appellant's Br. at 17. But those cases involve the collateral estoppel effect of a suppression ruling where both criminal prosecution and license revocation proceedings occur. Vance was not the subject of any criminal proceeding, and his refusal to take the breath test resulted only in revocation of his license, an administrative penalty. Nothing in the statutory changes about admission of evidence in criminal proceedings affects whether a driver has a right of reasonable access to counsel as to the administrative proceeding.

██ Vance also contends that his confusion after being read both his *Miranda*[1] and implied consent rights prevented him from making a knowing and intelligent decision as to whether to take the breath test. "Where a driver objectively manifests confusion over his or her implied consent rights, the officer is required to clarify them. The issue of confusion is a question of fact." *Gonzales v. Dep't of Licensing*, 112 Wn.2d 890, 906, 774 P.2d 1187 (1989). Indecision does not constitute confusion. *Gonzales*, 112 Wn.2d at 906.

The hearing officer found that Vance was not confused about his rights. Rather, like Gonzales, he was indecisive:

Mr. Vance did not express confusion with respect to the meaning of the implied consent warning for breath. Rather, Mr. Vance's only apparent confusion was whether he should or should not take the test. This is not confusion that the officer is required to clarify.

Conclusion of law 5, Hr'g Examiner's Decision (Mar. 6, 2001). As the superior court found, this factual determination is supported by substantial evidence. The record supports the hearing officer's finding that Vance made a knowing and intelligent decision to refuse the breath test.

Affirmed.

COLEMAN and AGID, JJ., concur.

Review denied at 150 Wn.2d 1004 (2003).

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).