160 P.3d 1077 (2007)
STATE of Washington, Respondent,
v.
Sylvester Louis BARRON, III, Appellant.
No. 57375-6-I.
Court of Appeals of Washington, Division 1.
June 18, 2007.
*1078 Nielsen Broman Koch PLLC, David Bruce Koch, Seattle, WA, for Appellant.
Sylvester Barron III, Oak Haebor, WA, Appearing Pro Se.
Gregory Marshall Banks, Island Co. Pros Atty., Andrea Vingo, Eric M. Ohme, Island County Prosecutor's Office, Coupeville, WA, for Respondent.
AGID, J.
¶ 1 Sylvester Barron, III, sold marijuana to an undercover Oak Harbor Police Department (OHPD) reserve officer who was wearing a body wire outside the city limits of Oak Harbor on three separate occasions. The Island County Sheriff's Office (ICSO) had issued a letter authorizing OHPD to enforce criminal laws anywhere in Island County, which stated that "notice should be given" to ICSO before OHPD exercised that authority. OHPD never gave notice to ICSO. Barron argues his motion to suppress evidence relating to the three undercover marijuana purchases should have been granted because OHPD was acting outside its jurisdiction and the OHPD Captain who authorized the one-party-consent recording of the transactions lacked authority to do so. Barron also contends that he received ineffective assistance of counsel because his attorney did not raise the issue of the officer's lack of jurisdiction based on his reserve status or object to the initial one-party-consent recording authorization on probable cause grounds. We hold that the ICSO consent letter was sufficient to confer jurisdiction on OHPD, and Barron did not receive ineffective assistance of counsel because his attorney's conduct was not prejudicial. We affirm.

FACTS
¶ 2 OHPD received information from a confidential informant that Barron was selling marijuana from his residence. OHPD believed the residence was located within Oak Harbor city limits, but it is actually located in unincorporated Island County. An OHPD reserve officer was assigned to make undercover marijuana purchases from Barron. After being introduced to Barron by two confidential informants, the reserve officer purchased marijuana from Barron at his residence on three separate occasions. Each time, the reserve officer wore a body wire transmitter and OHPD recorded their conversations under separate one-party-consent authorizations signed by Captain Wallace of OHPD. On November 19, 2003, OHPD arrested Barron within Oak Harbor city limits for delivery of marijuana.
¶ 3 Barron moved to suppress all the evidence collected by OHPD in connection with the undercover marijuana purchases. He argued his home was outside OHPD's jurisdiction and Captain Wallace lacked authority to approve the recording outside his jurisdiction. In response, the State argued OHPD had jurisdiction and produced a letter from ICSO granting consent for OHPD to enforce criminal laws within the county in accordance with the Washington Mutual Aid Peace Officers Powers Act of 1985 (WMAPOPA), chapter 10.93 RCW. The consent letter states in relevant part:
Advance notice should be given to our agency prior to the exercise of these powers by your officers when operating within Island County, with particular attention to RCW 10.93.030 through.60. . . . [[1]]
Barron then argued that OHPD lacked jurisdiction because it failed to provide advance *1079 notification of its activities to ICSO or timely notification after the fact as required by RCW 10.93.030. The trial court decided the reporting requirements were not mandatory and denied the motion to suppress. The prosecution introduced the tape recordings of the second and third marijuana sales into evidence. The OHPD reserve officer testified about all three marijuana sales. Barron also testified and admitted to selling the marijuana on all three occasions. A jury convicted Barron of three counts of delivery of a controlled substance. He appeals.

DISCUSSION
I. Suppression of Evidence Gathered Outside of OHPD's Jurisdiction
¶ 4 Barron contends that all of the evidence against him should have been suppressed because OHPD collected the evidence outside its jurisdiction without first notifying ICSO according to the terms of the consent letter. He argues this potential violation of RCW 10.93.030 mandates suppression because it violates article I, section 7 of the Washington State Constitution. He cites no case law that supports this position. Instead, he cites cases holding that police officers have no authority to arrest outside their jurisdiction and that any evidence obtained as the result of an illegal arrest must be suppressed.[2] But OHPD arrested Barron within its jurisdiction.
¶ 5 Barron cites State v. Bartholomew for the proposition that territorial jurisdiction limits not only police officers' power to lawfully arrest but also their ability to gather evidence.[3] But in Bartholomew the State attempted to use WMAPOPA to excuse a warrantless search and seizure of evidence.[4] This case is distinguishable because OHPD's evidence gathering did not require a search warrant. There is no expectation of privacy in selling illegal drugs to an undercover police officer, even if the sale occurs in the defendant's home.[5] And recording a conversation with the consent of only one party does not implicate article I, section 7's privacy concerns.[6] Thus, OHPD's actions in this case do not give rise to a violation of article I, section 7, even if the officers were found to be acting outside the scope of the consent letter. The trial court correctly denied Barron's suppression motion based on the argument that OHPD collected evidence outside its jurisdiction.
II. Suppression of One-Party Consent Recording Under RCW 9.73.230
¶ 6 Washington's privacy act, chapter 9.73 RCW, generally prohibits recording private conversations without the consent of all the parties to the conversation.[7] There is an exception, however, for conversations concerning controlled substances, provided the conditions set forth in RCW 9.73.230 are met.[8] RCW 9.73.230(1) states that a police officer seeking to record a drug transaction must first obtain authorization from "the chief law enforcement officer of a law enforcement agency or his or her designee above the rank of first line supervisor." RCW 9.73.230(3) provides in relevant part:
An authorization under this section is valid in all jurisdictions within Washington state and for the interception of communications from additional persons if the persons are brought into the conversation or transaction by the nonconsenting party or if the nonconsenting party or such additional persons cause or invite the consenting party to enter another jurisdiction.
*1080 In State v. Knight, Division II of this court interpreted RCW 9.73.230(3) to mean that "an authorization to intercept and record is invalid outside the jurisdiction of the issuing supervisor," unless the nonconsenting party invites the consenting party to enter another jurisdiction.[9] Because determining whether law enforcement had jurisdiction is a legal question, we must review this issue de novo.[10]
¶ 7 Barron relies on Knight to argue that the recording authorization issued by Captain Wallace did not comply with RCW 9.73.230 because the recording took place outside of OHPD's jurisdiction. The Knight court held that a Vancouver Police Department Captain lacked jurisdiction to authorize a one-party-consent recording in Stevenson, an incorporated municipality in Skamania County, under RCW 9.73.230.[11] In Knight, as here, there was also a notice of consent issued to the Vancouver Police Department by the Skamania County Sheriff's Office based on RCW 10.93.070(1).[12] There was, however, a problem with the language of the consent letter because it purported to grant jurisdiction only in unincorporated Skamania County, which would not have included Stevenson.[13] But, without explanation, Division II concluded the consent letter was not material.[14] It focused instead on the fact that the officer whose authority was contested was not a member of an interlocal task force under RCW 39.34.[15]
¶ 8 Here, the trial court admitted the recordings because it found the consent letter from ICSO granted Captain Wallace jurisdiction to authorize the recordings. Although the consent letter specifies that "[a]dvance notice should be given" to ICSO before OHPD officers exercise jurisdiction in Island County, the trial court found the "reporting requirement is not mandatory and the lack of reporting is a matter to be taken care of between the agencies."
¶ 9 We agree with the trial court. Clearly, "should" is not "shall." The consent letter uses both terms and could have used "shall" had the parties intended the notice requirement to be mandatory rather than merely directive. In Tennant v. Roys, we stated that when both "should" and "shall" appear in the same statute, we presume the terms were meant to be distinguished.[16] We also explained that "should," unlike shall, can be used to express a "desire or request in a polite or unemphatic manner."[17] The same principles apply here.
¶ 10 It is also appropriate to consider a consent letter in the context of the statute on which it is based. RCW 10.93.001(2) states that WMAPOPA should be liberally construed to effectuate the legislature's intent to modify "current artificial barriers to mutual aid and cooperative enforcement of the laws." A consent letter can take shelter in the statute that authorizes it. Given the intent of the statute, it makes sense to liberally construe "should" to mean that ICSO, while requesting notification of any actions taken within its jurisdiction, never intended notice to be a prerequisite for jurisdiction to undertake those actions. We hold that suppression of the recordings was not required under RCW 9.73.230(8) because the ICSO consent letter conferred jurisdiction on Captain Wallace to authorize the one-party-consent recordings.[18]
III. Ineffective Assistance of Counsel
¶ 11 To establish a claim for ineffective assistance of counsel, a criminal defendant *1081 must meet the two-prong Strickland[19] test by showing that (1) counsel's performance was deficient, meaning it fell below an objective standard of reasonableness, and (2) that deficiency prejudiced the defendant, meaning there is a reasonable probability that but for counsel's errors the result of the proceeding would have been different.[20] "The defendant bears the burden of showing there were no `legitimate strategic or tactical reasons' behind defense counsel's decision."[21] Counsel's performance is deficient if he or she fails to bring a viable motion to suppress when there is "`no reasonable basis or strategic reason'" for failing to do so.[22]
A. Violation of RCW 10.93.090
¶ 12 Barron argues his counsel's performance was defective and prejudicial because counsel did not argue that the undercover reserve officer who bought the marijuana lacked jurisdiction under WMAPOPA. RCW 10.93.020(5) states that a reserve officer is a "[s]pecially commissioned Washington peace officer" and "does not qualify under this chapter as a general authority Washington peace officer." RCW 10.93.090 delineates only two situations where a specially commissioned peace officer may act outside of his primary territorial jurisdiction: (1) when in fresh pursuit and (2) under a mutual law enforcement assistance agreement. Because neither of those exceptions applies here, Barron argues that the consent letter was insufficient to confer jurisdiction on the reserve officer.
¶ 13 At oral argument, the State conceded that a reserve officer is not a general authority peace officer for purposes of WMAPOPA jurisdiction. Instead, the State argued that WMAPOPA should not apply because an undercover drug buy is not encompassed in the definition of the officer's official duties. We agree. One need not be a police officer to assist law enforcement with an undercover marijuana purchase. Unlike a search, seizure, or arrest, the buy could have been made by a citizen or a confidential informant.
¶ 14 Further, we are not convinced that, had counsel successfully challenged jurisdiction under RCW 10.93.090 based on the reserve officer's status, suppression would have been justified. The only Washington court to consider the issue held that suppression is not an appropriate remedy for a violation of RCW 10.93.090, although that decision was overruled by the Supreme Court on other grounds.[23] Since there is no case law to support suppression as a remedy for violation of RCW 10.93.090, we hold that Barron's counsel was not ineffective for failing to move for suppression on that basis.
B. Probable Cause for One-Party-Consent Recording
¶ 15 RCW 9.73.230(1)(b) requires a determination that there is probable cause to believe a conversation will involve the delivery, sale, or possession of controlled substances before authorizing a one-party-consent recording. In State v. Salinas, the Washington Supreme Court held that a probable cause determination based on a confidential informant's tip must meet the two-pronged Aguilar-Spinelli test,[24] meaning there must be sufficient facts set out in the statement of probable cause to show (1) the basis for the informant's knowledge and (2) the reliability of the informant's information.[25]
*1082 ¶ 16 Barron asserts his counsel was ineffective for failing to argue that the authorization request in support of the initial one-party-consent recording was insufficient to justify a probable cause determination because it did not satisfy the reliability prong of the Aguilar-Spinelli test. Generally, the reliability prong is satisfied by showing that the informant has provided accurate information in the past.[26] A successful controlled purchase of contraband by an informant will satisfy the reliability prong, but only if that purchase occurs before law enforcement attempts to establish probable cause for more invasive investigation of a defendant.[27] Here, the initial authorization request made no mention of whether either of the confidential informants had ever provided accurate information in the past and provided no other indicia of reliability.
¶ 17 At oral argument, the State conceded that the initial one-party-consent authorization lacked probable cause, but argued that, because the first recording was not submitted to the jury, Barron cannot show prejudice to satisfy the second prong of the Strickland test. We agree. Only the first authorization is at issue because the later authorizations are supported by the first meeting between Barron and the reserve officer and are therefore based on more than a mere informant's tip. Although RCW 9.73.230(8) mandates suppression of one-party-consent recordings obtained in violations of the statute, here, the only recording so obtained was not submitted to the jury.
¶ 18 Barron relies on State v. Bean to argue that the absence of probable cause for the first recording authorization taints the later recordings, requiring suppression of all the evidence obtained from the undercover buys as fruit of the poisonous tree.[28] But this case is distinguishable from Bean. There, the Supreme Court held that a "subsequently obtained search warrant was not curative of the original illegal entry" when probable cause for the warrant was based on the illegally obtained evidence.[29] Here, the only illegally obtained evidence was the recording itself. The later consent authorizations were based on the success of the initial controlled buy, not on the contents of the initial recording. Because there was probable cause for the later one-party-consent authorizations, suppression of evidence from the later buys was not required.
¶ 19 Further, a probable cause argument would not have resulted in suppression of the physical and testimonial evidence of the first buy presented at trial. Although RCW 9.73.230(8) mandates suppression of recordings obtained in violation of the statute, it allows the admission of any testimony that is "unaided by information obtained solely by violation of RCW 9.73.030." In State v. Jimenez, the Washington Supreme Court held that when law enforcement officers make a genuine effort to comply with RCW 9.73.230, the invalidly recorded conversation must be suppressed but other evidence, unaided by the recording, remains admissible.[30] The reserve officer testified at trial about the first time Barron sold him marijuana, and that marijuana was introduced at trial through his supervisor. Clearly, the physical evidence was admissible, and nothing in the record suggests that Barron's testimony was aided by the first illegally obtained recording.[31]
¶ 20 Because Barron was not prejudiced by his counsel's failure to challenge the probable cause determination for the first one-party-consent *1083 authorization, we hold that he did not receive ineffective assistance of counsel.
IV. Jury
¶ 21 In his Statement of Additional Grounds, Barron contends that the absence of a single person of color on the jury violates his right to a jury of his peers. He also claims that most of the jurors were older than he and had some connection with law enforcement. The absence of any particular group of people on a jury does not violate a defendant's right to a jury of his peers, unless there are circumstances indicating purposeful discriminatory exclusion.[32] Because Barron cites no evidence of discriminatory exclusion, we hold his right to jury trial was not violated.
¶ 22 We affirm.
WE CONCUR: ELLINGTON and COX, JJ.
NOTES
[1] (Emphasis omitted.)
[2] See, e.g., City of Wenatchee v. Durham, 43 Wash.App. 547, 552, 718 P.2d 819 (1986), superseded by statute as stated in Vance v. State, 116 Wash.App. 412, 65 P.3d 668, review denied, 150 Wash.2d 1004, 77 P.3d 651 (2003).
[3] 56 Wash.App. 617, 624, 784 P.2d 1276 (1990).
[4] Id.
[5] State v. Hastings, 119 Wash.2d 229, 232, 830 P.2d 658 (1992) (citing Lewis v. United States, 385 U.S. 206, 211, 87 S.Ct. 424, 17 L.Ed.2d 312 (1966)).
[6] State v. Clark, 129 Wash.2d 211, 221, 916 P.2d 384 (1996) (citing State v. Corliss, 123 Wash.2d 656, 663-64, 870 P.2d 317 (1994)).
[7] State v. Smith, 85 Wash.App. 381, 386-87, 932 P.2d 717, review denied, 132 Wash.2d 1010, 940 P.2d 655 (1997).
[8] Id. at 387, 932 P.2d 717.
[9] 79 Wash.App. 670, 679, 904 P.2d 1159 (1995), review denied, 129 Wash.2d 1005, 914 P.2d 65 (1996).
[10] See State v. Squally, 132 Wash.2d 333, 341, 937 P.2d 1069 (1997).
[11] Knight, 79 Wash.App. at 680, 904 P.2d 1159.
[12] Id. at 682, 904 P.2d 1159.
[13] Id.
[14] Id.
[15] Id.
[16] 44 Wash.App. 305, 314, 722 P.2d 848 (1986).
[17] Id. (citing WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2104 (1976)).
[18] Although it is not necessary to our resolution of this issue, we note our disagreement with the holding in Knight because we find no basis in the statute to invalidate a one-party-consent authorization based on the jurisdiction of the issuing supervisor.
[19] Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
[20] State v. Rainey, 107 Wash.App. 129, 135, 28 P.3d 10 (2001) (citing Strickland, 466 U.S. at 687, 104 S.Ct. 2052), review denied, 145 Wash.2d 1028, 42 P.3d 974 (2002).
[21] Id. at 135-36, 28 P.3d 10 (quoting State v. McFarland, 127 Wash.2d 322, 336, 899 P.2d 1251 (1995)).
[22] Id. at 136, 28 P.3d 10 (quoting State v. Klinger, 96 Wash.App. 619, 623, 980 P.2d 282 (1999)).
[23] State v. Barker, 98 Wash.App. 439, 446, 990 P.2d 438 (1999), rev'd on other grounds, 143 Wash.2d 915, 922, 25 P.3d 423 (2001) (stating, in footnote 4, that the court chose not to reach the issue of whether the exclusionary rule should be applied for violations of RCW 10.93.090).
[24] Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).
[25] 119 Wash.2d 192, 199-200, 829 P.2d 1068 (1992) (citing State v. Jackson, 102 Wash.2d 432, 443, 688 P.2d 136 (1984)).
[26] Salinas, 119 Wash.2d at 200, 829 P.2d 1068.
[27] See State v. Casto, 39 Wash.App. 229, 234, 692 P.2d 890 (1984), review denied, 103 Wash.2d 1020 (1985).
[28] 89 Wash.2d 467, 473, 572 P.2d 1102 (1978) (citing People v. Shuey, 13 Cal.3d 835, 850, 120 Cal.Rptr. 83, 533 P.2d 211 (1975)).
[29] Id.
[30] 128 Wash.2d 720, 726, 911 P.2d 1337 (1996).
[31] Barron argues the reserve officer relied on the tapes because he did not remember the transactions well enough to testify about them. But the record reflects only that the officer listened to the tapes, not that he needed to do so in order to testify.
[32] State v. Ashcraft, 71 Wash.App. 444, 459-60, 859 P.2d 60 (1993).